■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MILES, Appellant. [703 NYS2d 491] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), dated August 13, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A general waiver of the right to appeal, which is knowing, voluntary, and intelligent, encompasses the claim that the term of imprisonment imposed under an enhanced sentence is harsh and excessive, provided that the defendant is informed

that a maximum sentence could be imposed if he or she fails to comply with the conditions of the plea agreement (*see, People v Lococo,* 92 NY2d 825; *People v Muniz,* 91 NY2d 570; *People v Hidalgo,* 91 NY2d 733; *see also, People v Kemp,* 94 NY2d 831). To the extent that our decisions in *People v Prescott* (196 AD2d 599), and its progeny suggest otherwise, they are no longer to be followed. Accordingly, appellate review of the defendant's contention that his enhanced sentence is harsh and excessive is precluded by the knowing, voluntary, and intelligent waiver of his right to appeal.

The defendant also claims that the court failed to conduct an adequate inquiry into the validity of his post-plea arrest on an unrelated crime before imposing an enhanced sentence (*see, People v Outley,* 80 NY2d 702). We conclude that his general waiver of the right to appeal does not encompass that claim since it was based on his post-plea conduct. This claim, however, is unpreserved for appellate review since he did not raise this issue before the sentencing court or move to vacate his plea (*see, People v Pellegrino,* 60 NY2d 636; *People v Gayle,* 224 AD2d 710). In any event, the court properly imposed an enhanced sentence based on the defendant's undisputed violation of two conditions of the plea, *i.e.,* that he return to court on the sentencing date and cooperate with probation (*see, People v Yu,* 204 AD2d 129; *People v Gianfrate,* 192 AD2d 970, 973). Accordingly, we need not consider the sufficiency of the inquiry by the sentencing court into the foundation of the defendant's post-plea arrest (*see, People v Figgins,* 87 NY2d 840, 841). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.