■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN ORTEGA, Appellant. [713 NYS2d 479] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 3, 1995 (*People v Ortega,* 214 AD2d 591), affirming a judgment of the Supreme Court, Kings County, rendered March 6, 1991.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., Krausman, Luciano and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT P., Appellant. [713 NYS2d 478] —Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (LaPera, J.), imposed January 7, 2000, on the grounds that the sentence is both illegal and excessive.

Ordered that the sentence is affirmed.

As part of his plea agreement the defendant was advised that if he got into any trouble before the sentencing date the court would impose an enhanced sentence. Additionally, the defendant knowingly, voluntarily, and intelligently executed a general waiver of his right to appeal. This waiver encompassed the defendant's contention on appeal that the enhanced sentence is harsh and excessive, and accordingly, appellate review is precluded (*see, People v Miles,* 268 AD2d 489).

Although the waiver does not apply to the defendant's claim that the court failed to conduct an adequate inquiry into the validity of his post-plea arrests before imposing the enhanced sentence (*see, People v Miles, supra*), the defendant's contentions are unpreserved for appellate review because he did not challenge the validity of at least one of the arrests (*see, People v Outley,* 80 NY2d 702; *People v Miles, supra*). Mangano, P. J., O'Brien, Thompson, Krausman and Feuerstein, JJ., concur.