■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTEGA, Appellant. [743 NYS2d 279] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 7, 1998 (*People v Ortega,* 256 AD2d 360), affirming a judgment of the Supreme Court, Queens County, rendered May 21, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Florio, J.P., S. Miller, O'Brien and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES OWENS, Appellant. [742 NYS2d 584] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered February 14, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal does not preclude review of his contention that the sentencing court erred in determining that he violated the conditions of his plea agreement (*see People v Saad,* 286 AD2d 782, *lv denied* 97 NY2d 733; *People v Miles,* 268 AD2d 489). However, the defendant's contention is unpreserved for appellate review because he never objected to the sentence on this ground, and did not move to withdraw his plea or vacate the judgment (*see People v Brown,* 280 AD2d 485; *People v Churby,* 277 AD2d 393; *People v Pike,* 276 AD2d 649; *People v James,* 239 AD2d 243). In any event, the record demonstrates that the defendant violated the terms of his plea agreement by failing to fully comply with the requirements of the Treatment Alternatives to Street Crime program. Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.