■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQUAN STOWE, Appellant. [790 NYS2d 521]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered May 29, 2003, convicting him of murder in the second degree (three counts), manslaughter in the first degree, and burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of murder in the second degree under count six of the indictment, vacating the sentence imposed thereon, and dismissing count six of the indictment; as so modified, the judgment is affirmed.

Under the circumstances of this case, the defendant did not voluntarily, knowingly, and intelligently waive his right to appeal (*see People v Kemp,* 94 NY2d 831, 833 [1999]; *People v Muniz,* 91 NY2d 570, 575 [1998]; *People v Seaberg,* 74 NY2d 1,

11 [1989]). In any event, the defendant's contention that the Supreme Court failed to conduct an adequate inquiry into whether he violated a condition of his plea agreement would not have been precluded by a general waiver of appeal because it involves post-plea conduct (*see People v Owens,* 294 AD2d 603 [2002]; *People v Saad,* 286 AD2d 782 [2001]; *People v Miles,* 268 AD2d 489, 490 [2000]). This contention, however, is unpreserved for appellate review because the defendant did not raise it before the sentencing court or move to vacate his plea (*see People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Miles, supra* at 490). In any event, the contention is without merit.

Although not raised on appeal, this Court finds that the Supreme Court was not authorized to accept a plea of guilty to count six of the indictment. As a juvenile offender, the defendant cannot be held criminally responsible for felony murder where the underlying felony, attempted robbery, is a crime for which he cannot be held criminally responsible (*see* CPL 1.20 [42] [2]; Penal Law § 30.00 [2]; *Matter of Tracy C.,* 186 AD2d 250, 251 [1992]; *People v Smith,* 152 AD2d 56, 61 [1989]). Accordingly, the defendant's plea as to murder in the second degree under count six of the indictment must be set aside (*see People v Boye,* 175 AD2d 924 [1991]).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, without merit. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.