■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC GARNER, Appellant. [795 NYS2d 336]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered December 12, 2003, convicting him of attempted criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's general waiver of his right to appeal does not foreclose review of his contention that the Supreme Court denied him due process when it failed to hold a hearing on the issue of whether he violated a condition of his plea agreement

(*see People v Stowe,* 15 AD3d 597 [2005]; *People v Owens,* 294 AD2d 603 [2002]; *People v Saad,* 286 AD2d 782 [2001]). However, this issue is unpreserved for appellate review since he never requested a hearing or moved to withdraw his plea on this ground (*see People v Stowe, supra; People v Delgado,* 14 AD3d 449 [2005]). In any event, the Supreme Court conducted a sufficient inquiry into the defendant's explanation for his departure from a drug program and properly concluded that the defendant violated the plea agreement by twice leaving the drug program against clinical advice and being returned to court on a bench warrant (*see People v Delgado, supra; People v Battle,* 287 AD2d 361 [2001]; *People v Saad, supra; People v Miles,* 268 AD2d 489, 490 [2000]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.