■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATASHA BENN, Appellant. [806 NYS2d 211]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered April 16, 2004, revoking a sentence of probation previously imposed by the same court upon a finding that she violated two conditions thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal possession of stolen property in the third degree.

Ordered that the amended judgment is affirmed.

The defendant's contention that she was denied her right to due process of law when the County Court failed to hold a hearing with respect to her post-admission arrest is unpreserved for appellate review (*cf. People v Garner,* 18 AD3d 669 [2005], *lv denied* 5 NY3d 762 [2005]; *People v Stowe,* 15 AD3d 597 [2005], *lv denied* 5 NY3d 770 [2005]; *People v Potter,* 288 AD2d 330 [2001]; *People v Scott P.,* 275 AD2d 723 [2000]). In any event, the County Court properly imposed an enhanced sentence based on the defendant's undisputed violation of another condition of

her probation, to report any arrest to her probation officer within 24 hours (see *People v Lent,* 10 AD3d 457 [2004]; *People v Guerra,* 291 AD2d 410 [2002]; *People v Miles,* 268 AD2d 489 [2000]).

The defendant's written waiver of her right to appeal, executed on April 7, 2003, precludes her from arguing on appeal that the amended sentence which the County Court imposed was excessive (see *People v Gorovoy,* 309 AD2d 764 [2003]; *People v Pitter,* 272 AD2d 416 [2000]; *People v Strunkey,* 268 AD2d 492 [2000]). Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.