■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DARCY, Also Known as DAVID E. DARCY and as DAVID EDWARD DARCY, Appellant. [823 NYS2d 77]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J., at plea; John Cataldo, J., at sentence), rendered September 29, 2003, convicting defendant of criminal sale of a controlled substance in the fourth degree, and sentencing him to a term of six months concurrent with five years' probation, unanimously affirmed.

Defendant claims that, without conducting a sufficient inquiry to determine the validity of his postplea arrest, the court improperly sentenced him under his plea of guilty to a felony, which had been accompanied by a promise that he could obtain a misdemeanor disposition by meeting certain conditions. However, although defendant asserted his innocence of the charge underlying his new arrest, he neither requested a hearing or further inquiry, nor moved to withdraw his plea (*see People v Carrillo*, 2 AD3d 260 [2003], *lv denied* 2 NY3d 797 [2004]; *People v Battle*, 287 AD2d 361 [2001], *lv denied* 97 NY2d 751 [2002]). Moreover, he never suggested that he was still entitled to the promised misdemeanor plea, but instead merely argued that he should be sentenced to probation on the felony plea. Accordingly, defendant did not preserve his present claim that he was entitled to a hearing as to the validity of the new arrest, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's inquiry was of sufficient depth to satisfy it that defendant's rearrest had a legitimate basis (*see People v Outley*, 80 NY2d 702, 713-714 [1993]). Furthermore, prior to the rearrest, defendant had also violated the plea agreement by failing to make required court appearances, and, in response, the court had already given him a second chance to comply. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.