■ The People of the State of New York, Respondent, v William L. Roberts III, Appellant. [831 NYS2d 568]—

Spain, J. Appeal from a judgment of the Supreme Court (Main, Jr., J.), rendered September 14, 2005 in Franklin County, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree and driving while intoxicated.

Defendant waived indictment in Supreme Court and pleaded guilty to a superior court information charging him with reckless endangerment in the first degree and driving while intoxicated with the understanding that the People would be recommending a sentence of 2 to 4 years in prison, but the court was making no sentencing commitment. Sentencing was deferred, however, to allow defendant to participate in a Drug Court program which—should he successfully complete the program—presented defendant with the opportunity to withdraw his felony plea and, instead, plea to a misdemeanor. Defendant failed to comply with the program requirements and was sentenced on his guilty plea to 2 to 6 years in prison. On this appeal, defendant maintains that he was denied the effective assistance of counsel and the court improperly denied his motion to withdraw his guilty plea because it was not knowingly and voluntarily entered.

We affirm. Initially, we note that a sentencing court is not bound by the People's recommendation and must exercise its discretion in determining an appropriate sentence (*see People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]). Defendant contends that his plea was not informed because the plea proposal and Drug Court participation contract erroneously stated that he was pleading guilty to a class E felony and subject only to a 2- to 4-year maximum sentence. A review

of the record reveals that, after defendant signed these documents and prior to his plea, Supreme Court fully informed defendant that he was pleading to a class D felony which carried a potential maximum sentence of seven years, emphasizing that the 2- to 4-year sentence was a recommendation by the People to which the court had made no commitment (*cf. People v Martin*, 17 AD3d 775, 775-776 [2005]). Following that admonition, defendant assured the court that he understood the ramifications of entering a guilty plea. Indeed, defendant's unequivocal responses during his entire plea colloquy reveal his willingness to voluntarily and knowingly enter into that agreement. As such, we find no basis to disturb the court's discretionary decision to deny defendant's motion to withdraw his plea (*see People v Bowman*, 34 AD3d 935, 937 [2006]; *People v Cherry*, 12 AD3d 949, 949 [2004], *lv denied* 4 NY3d 797 [2005]).

Defendant's contention regarding the effectiveness of his counsel, who negotiated an advantageous plea agreement on his behalf that included a squandered opportunity for defendant to have his felony conviction reduced to a misdemeanor via the successful completion of his Drug Court program, is similarly unpersuasive (*see People v Nugent*, 31 AD3d 976, 977 [2006]).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.