■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO CISNEROS, Appellant. [840 NYS2d 539]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 3, 2005, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 4½ to 9 years' imprisonment upon each conviction.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree and by reducing the sentence imposed thereon from an indeterminate term of 4½ to 9 years' imprisonment to a determinate term of one year imprisonment, to run concurrently with the sentence imposed on the conviction of criminal sale of a controlled substance in the third degree; as so modified, the judgment is affirmed.

The defendant's contention that his post-plea arrest did not constitute a violation of his plea agreement and that the court, therefore, erred in imposing an enhanced sentence, is unpreserved for appellate review (*see People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Lent,* 10 AD3d 457 [2004]; *People v Owens,* 294 AD2d 603 [2002]). In any event, the record demonstrates that the defendant violated the unambiguous condition of the plea agreement that he complete the residential drug treatment program. Based on that violation, the court properly imposed the promised enhanced sentence for the defendant's conviction of criminal sale of a controlled substance

in the third degree (*see People v Benn,* 23 AD3d 574, 574-575 [2005]; *People v Guerra,* 291 AD2d 410, 411 [2002]; *People v Miles,* 268 AD2d 489, 490 [2000]).

Contrary to the defendant's contention, he was not entitled to be sentenced under the Drug Law Reform Act (*see* L 2004, ch 738; *People v Aviles,* 29 AD3d 813 [2006]; *People v McCray,* 27 AD3d 486 [2006]; *People v Torres,* 26 AD3d 398 [2006]).

As correctly conceded by the People, the defendant's conviction of criminal possession of a controlled substance in the third degree must be reduced to criminal possession of a controlled substance in the seventh degree, to comport with his guilty plea. Moreover, as agreed by the defendant and the People, the sentence for that conviction should be reduced to a determinate term of one year, to run concurrently with the sentence for his conviction of criminal sale of a controlled substance in the third degree. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.