■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KITCHENS, Appellant. [846 NYS2d 625]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered January 30, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's general waiver of his right to appeal does not foreclose review of his contention that he was denied his right to due process when the sentencing court failed to hold a hearing into the circumstances surrounding his failure to complete a drug treatment program (*see People v Garner,* 18 AD3d 669 [2005]; *People v Stowe,* 15 AD3d 597 [2005]; *People v Owens,* 294 AD2d 603 [2002]). However, this issue is unpreserved for appellate review because the defendant neither requested a hearing nor moved to withdraw his plea (*see People v Covington,* 28 AD3d 575 [2006]; *People v Garner,* 18 AD3d 669 [2005]; *People v Stowe,* 15 AD3d 597 [2005]; *People v Delgado,* 14 AD3d 449 [2005]; *People v Owens,* 294 AD2d 603 [2002]). In any event, the court conducted an inquiry sufficient to determine that the defendant violated the plea agreement by leaving a drug treatment program after admittedly engaging in an argument with another resident (*see People v Covington,* 28 AD3d 575 [2006]; *People v Garner,* 18 AD3d 669 [2005]; *see also People v Valencia,* 3 NY3d 714 [2004]; *cf. Torres v Berbary,* 340 F3d 63 [2003]).

The defendant's remaining contention is without merit. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.