■ The People of the State of New York, Respondent, v Jason Andrews, Appellant. [877 NYS2d 812]—

Appeal from a judgment of the Oneida County Court (John S. Balzano, A.J.), rendered May 3, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and sentencing him to an indeterminate term of incarceration of one to three years. Defendant entered that plea on October 29, 2003 with the understanding that he would be permitted to enter the Utica Drug Court program (Drug Court program). County Court advised defendant that, in the event that he successfully completed the Drug Court program, he would be allowed to "re-enter [his] plea of guilty to a misdemeanor" and would not be sentenced to a term of incarceration. The court further advised defendant that, in the event that he did not successfully complete the Drug Court program, he was "going to state prison for one to three years." On October 30, 2003, the following day, defendant executed the Utica Drug Court Participation Agreement (Participation Agreement). Pursuant to the terms of the Participation Agreement, "by entering Utica Drug Court, [defendant] agree[d] to participate for a period of time not to exceed thirty-six months." Defendant further agreed to abstain from the use of drugs, and he agreed that persistent positive drug tests and new arrests were among the circumstances that could cause him to be terminated from the Drug Court program. In addition, defendant agreed that, if he did "not successfully complete the Utica Drug Court [program], [he would] receive a sentence of **1 to 3 years in state prison**." Following his entry into the Drug Court program, defendant was twice arrested for additional crimes and was convicted of those crimes, and he admitted that he relapsed into drug use on several occasions. Defendant was terminated from the Drug Court program on February 28, 2007 and, following a termination hearing conducted pursuant to the terms of the Participation Agreement, he was sentenced on May 3, 2007 to an indeterminate term of incarceration of one to three years.

Defendant contends that the court lacked authority to sentence him because the Participation Agreement had expired

on October 30, 2006, four months before his termination from the Drug Court program and over six months before sentencing. As a preliminary matter, we note that the challenge of defendant to the legality of his sentence survives his waiver of the right to appeal at the plea proceeding (*see People v Carpenter*, 19 AD3d 730, 731 [2005], *lv denied* 5 NY3d 804 [2005]). We conclude, however, that the court properly sentenced defendant based upon the undisputed fact that he did not successfully complete the Drug Court program (*see People v Woods*, 192 Misc 2d 590, 592 [2002]; *see generally People v Avery*, 85 NY2d 503, 507 [1995]). Defendant's agreement "to participate [in the Drug Court program] for a period of time not to exceed thirty-six months" did not impose a time limitation upon the deferral of sentencing or otherwise deprive the court of authority to sentence defendant pursuant to the terms of the plea agreement (*see generally People v Roberts*, 38 AD3d 1014 [2007]). In addition, we note that, despite his criminal convictions and relapses, defendant was permitted to remain in the Drug Court program, both at his request and for his benefit. Neither the plea agreement nor the Participation Agreement limited the court's authority to defer sentencing in order to provide defendant with the opportunity to complete the Drug Court program successfully and avoid serving a term of incarceration (*see generally Woods*, 192 Misc 2d at 592). Present—Martoche, J.P., Fahey, Green and Pine, JJ.