■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BILLUPS, Appellant. [881 NYS2d 445]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Gulotta, J.), rendered July 12, 2007, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that he was improperly found to have violated the plea agreement because the sentencing court failed to hold a hearing with respect to the circumstances surrounding his discharge from the Treatment Alternatives to Street Crime program, that contention is unpreserved for appellate review since the defendant did not request a hearing or move to withdraw his plea (*see People v Covington*, 28 AD3d 575 [2006]; *see also People v Kitchens*, 46 AD3d 577 [2007]; *People v Garner*, 18 AD3d 669 [2005]). In any event, since the defendant failed to dispute the fact that he was discharged from the program or the circumstances which led to that discharge, the County Court was not obligated to conduct a more formal inquiry than it did here (*see People v Chiclana*, 21 AD3d 823 [2005]; *see also People v Huggins*, 45 AD3d 1380 [2007]). Moreover, since the defendant pleaded guilty with the express understanding that if he failed to successfully complete the program, the court would impose the enhanced sentence of which he now complains, he has "no basis now to complain that his sentence was excessive" (*People v Kazepis*, 101 AD2d 816, 817 [1984]; *see People v Martinez*, 286 AD2d 447 [2001]; *People v Allen*, 269 AD2d 534 [2000]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.