■ The People of the State of New York, Respondent, v Steven M. Stubbs, Appellant. [905 NYS2d 678]—

Stein, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered March 2, 2009, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant entered into a plea agreement whereby he would plead guilty to driving while intoxicated, in full satisfaction of a two-count indictment, with the understanding that if he successfully completed a drug treatment program, the People would recommend a sentence of five years of probation. As part of the plea, defendant also acknowledged that if he was arrested based upon reasonable cause while in the treatment program, such an arrest would be grounds for immediate termination from the program and could result in a maximum sentence of $2^{1}/_{3}$ to 7 years in prison. Prior to his completion of the treatment program, defendant was arrested in Pennsylvania and charged with, among other things, driving while intoxicated. As a result, he was terminated from the program and County Court thereafter sentenced him to a prison term of 1 to 5 years. Defendant now appeals.

We affirm. Defendant's claim that he was denied due process when County Court failed to hold a hearing regarding the circumstances surrounding his failure to complete the drug treatment program is not preserved for our review since he neither requested a hearing nor moved to withdraw his plea (*see People*

*v Delayo*, 52 AD3d 1114, 1115 [2008], *lv denied* 11 NY3d 787 [2008]; *People v Kitchens*, 46 AD3d 577, 578 [2007], *lv denied* 10 NY3d 767 [2008]). Regarding defendant's challenge to his enhanced sentence, inasmuch as the conditions of the plea agreement do not contravene statutory provisions or public policy and defendant was made aware at the time of the agreement of the maximum potential sentence that County Court could impose for noncompliance, we cannot conclude that County Court erred in imposing an enhanced sentence (*see People v Fleming*, 50 AD3d 1390, 1390-1391 [2008]). As to defendant's contention that his sentence was harsh and excessive, we discern neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence (*see People v Creech*, 56 AD3d 899, 900 [2008], *lv denied* 12 NY3d 815 [2009]). Defendant's remaining claims have been considered and found to be unavailing.

Spain, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.