Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 23, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant, who has a serious substance abuse problem, pleaded guilty to burglary in the third degree in satisfaction of a two-count indictment. Under the terms of the plea agreement, defendant was to participate in the STEPS/Road to Recovery Program (hereinafter referred to as the STEPS program) which consisted of nine months of substance abuse counseling at a residential treatment facility, followed by three months of community residence and six months of intensive outpatient rehabilitation. The agreement provided that, upon successful completion of the STEPS program, defendant would be sentenced to five years of probation. It further provided that if defendant failed to successfully complete the residential phase of the STEPS program, he would be sentenced to 2V3 to 7 years in prison. Defendant was admitted to the STEPS program in January 2009, but was discharged in March 2009 after he relapsed and left treatment against medical advice. Consequently, County Court sentenced him to 2⅓ to 7 years in prison. Defendant appeals.
Defendant asserts that County Court improperly denied him a hearing concerning his discharge from the STEPS program prior to sentencing him to a term of imprisonment. He has failed to preserve this claim due to his failure to request a hearing or move to withdraw his plea (see People v Stubbs, 75 AD3d *1144 664, 664-665 [2010]; People v Billups, 63 AD3d 750 [2009], lv denied 13 NY3d 834 [2009]). In any event, as defendant admitted that he failed to complete the STEPS program in accordance with the terms of the plea agreement, and nothing in the record indicates otherwise, County Court, was not required to conduct a formal hearing before imposing the term of imprisonment that was agreed to if defendant failed to complete the STEPS program (see People v Forkey, 72 AD3d 1209, 1210-1211 [2010]; People v Billups, 63 AD3d at 750). Defendant’s remaining contentions have been considered and are without merit. Accordingly, we decline to disturb the judgment of conviction.
Cardona, P.J., Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.