██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD TIMBERLAKE, Appellant. [919 NYS2d 352]—██

The defendant contends that the terms of his plea agreement violate public policy, and that his pleas were not knowingly, voluntarily, and intelligently made. The defendant's contentions, while not foreclosed by his valid waiver of his right to appeal (*see People v Muniz*, 91 NY2d 570, 575 [1998]; *People v Seaberg*, 74 NY2d 1, 10 [1989]), are, however, unpreserved for appellate review (*see People v Adams*, 67 AD3d 819 [2009]). Although the defendant moved to vacate the judgments of conviction, his motion was not predicated on the grounds now raised on appeal (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Martin*, 7 AD3d 640 [2004]; *cf. People v Goins*, 278 AD2d 244 [2000]). In any event, the defendant's contentions are without merit (*see People v Avery*, 85 NY2d 503, 507 [1995]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lewis*, 73 AD3d 1212 [2010]; *People v Armstead*, 48 AD3d 694, 695 [2008]).

To the extent the defendant contends that the Supreme Court failed to make a sufficient inquiry into whether he violated the terms of the plea agreement or that it improperly concluded that he violated the plea agreement, his contentions are unpreserved for appellate review and, in any event, without merit (*see People v Valencia*, 3 NY3d 714, 715-716 [2004]; *People v Billups*, 63 AD3d 750 [2009]; *People v Andrews*, 62 AD3d 1237, 1239 [2009]; *People v Garner*, 18 AD3d 669, 670 [2005]).

The defendant's valid waiver of his right to appeal forecloses appellate review of his claim that the sentences imposed were excessive (*see People v Seaberg*, 74 NY2d at 11; *People v Lewis*, 73 AD3d at 1212).

The defendant's remaining contention, that the Supreme Court should have granted his motions to vacate the judgments of conviction pursuant to CPL 440.10, is not properly before this Court (*see* CPL 450.15 [1]; *People v Nicholas*, 8 AD3d 300 [2004]; *People v Alexis*, 295 AD2d 529 [2002]; *People v McCoy*, 270 AD2d 432 [2000]). Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.