■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD ARRINGTON, Appellant. [941 NYS2d 877]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jaeger, J., at plea; Aaron, J., at sentencing), rendered February 15, 2011, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Callahan*, 80 NY2d 273 [1992]; *People v Seaberg*, 74 NY2d 1 [1989]). Although the defendant's waiver is thus valid, it does not preclude review of his claim that he was denied his right to due process because the County Court did not hold an evidentiary hearing regarding the basis for his post-plea arrest on unrelated crimes before imposing an enhanced sentence (*see People v Butler*, 49 AD3d 894, 895 [2008]; *People v Kitchens*, 46 AD3d 577, 578 [2007]; *People v Ricketts*, 27 AD3d 488 [2006]; *People v Garner*, 18 AD3d 669, 670 [2005]; *People v Stowe*, 15 AD3d 597, 598 [2005]; *People v Scott P.*, 275 AD2d 723 [2000]; *People v Miles*, 268 AD2d 489, 490 [2000]). However, this issue is unpreserved for appellate review because the defendant never objected to the adequacy of the inquiry conducted by the County Court, or moved to withdraw his plea (*see People v Kitchens*, 46 AD3d at 578; *People v Darcy*, 34 AD3d 230, 231 [2006]; *People v Benn*, 23 AD3d 574 [2005]; *People v Potter*, 288 AD2d 330 [2001]; *People v Miles*, 268 AD2d at 490). In any event, the inquiry conducted by the County Court was sufficient to determine that there was a legitimate basis for the defendant's post-plea arrest, and thus satisfied the requirements of due process (*see People v Outley*, 80 NY2d 702, 712-713 [1993]; *see also People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Timberlake*, 82 AD3d 1134, 1135 [2011]; *People v Serrano*, 79 AD3d 772 [2010]; *People v Potter*, 288 AD2d at 330).

The defendant's valid waiver of his right to appeal precludes review of his remaining contentions, including his claim that his enhanced sentence was excessive (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Crews*, 92 AD3d 795 [2012]; *People v Pook*, 73 AD3d 952, 953 [2010]), his ineffective assistance of counsel argument, which is unrelated to the voluntariness of his plea (*see People v Duah*, 91 AD3d 884 [2012]; *People v Yarborough*, 83 AD3d 875

[2011]), and his challenge to the procedure utilized in sentencing him (see *People v Collier*, 71 AD3d 909, 910 [2010]). Skelos, J.P., Eng, Belen and Cohen, JJ., concur.