■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COUSAR, Appellant. [9 NYS3d 96]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 23, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's general waiver of his right to appeal does not foreclose review of his contention that he was deprived of his right to due process when the sentencing court failed to hold a hearing to determine whether he violated a condition of the plea agreement requiring that he not violate the law or be arrested for violating the law (*see People v Arrington*, 94 AD3d 903 [2012]; *People v Kitchens*, 46 AD3d 577 [2007]; *People v Garner*, 18 AD3d 669 [2005]). However, the defendant failed to preserve this issue for appellate review, since he did not request a hearing, object to the adequacy of the inquiry conducted by the County Court, or move to withdraw his plea of guilty (*see People v Arrington*, 94 AD3d 903 [2012]; *People v Kitchens*, 46 AD3d 577 [2007]; *People v Benn*, 23 AD3d 574 [2005]; *People v Garner*, 18 AD3d 669 [2005]).

In any event, the defendant's contention is without merit. Following the defendant's plea of guilty in this case, but before he was sentenced, he was arrested for and pleaded guilty to assault in the first degree, arising from a separate, subsequent incident. Under these circumstances, the County Court was not obligated to conduct a more formal inquiry than it did here (*see People v Valencia*, 3 NY3d 714 [2004]; *People v Billups*, 63 AD3d 750 [2009]), since the defendant's plea of guilty to assault in the first degree established the reliability and accuracy of the court's determination that the defendant violated the

condition of the plea agreement in this case, requiring that he not violate the law or be arrested for violating the law (*see People v Outley*, 80 NY2d 702, 712 [1993]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Morgan*, 121 AD3d 1128 [2014]). Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.