■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE W. DOLLINGER, Appellant. [9 NYS3d 635]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered May 9, 2013, convicting him of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (3), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for resentencing in accordance herewith.

On March 16, 2012, the defendant appeared before the County Court represented by an attorney from the Putnam County Legal Aid Society, and entered a plea of guilty to driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (3). The defendant was discharged to Drug Treatment Court and advised that if he violated any conditions of his participation, he "might" be sentenced to 1⅓ to 4 years in state prison.

On April 4, 2013, the defendant appeared in the County Court again with his attorney from the Putnam County Legal Aid Society. The People were represented by an assistant district attorney other than the one who was present when the defendant pleaded guilty. The defendant admitted that he violated the conditions of treatment court by driving a vehicle on February 15, 2013, when he was not supposed to be driving. The court noted that the defendant, in a letter to the court, had previously lied about driving on February 15, 2013. The prosecutor recommended that the defendant be sentenced to an indeterminate term of imprisonment of 1⅓ to 4 years.

On May 9, 2013, the defendant appeared for sentencing. He was, however, no longer represented by the Putnam County Legal Aid Society. Instead, he was represented by the attorney who, as an assistant district attorney, had represented the People in March 2012 when he pleaded guilty. The attorney had also previously prosecuted the defendant's wife. In the interim, that attorney had left the District Attorney's office and started working for a private firm. At the sentencing proceeding, she told the court that the defendant did not "have a violation" of his treatment conditions until his probation officer observed the defendant with his vehicle at a gas station; she further commented, "that goes to show you that if you keep screwing up, at some point you are going to get caught." The County Court sentenced the defendant to an indeterminate term of imprisonment of 1⅓ to 4 years.

On this appeal, the defendant claims that he was deprived of his right to effective assistance of counsel. He faults the representation provided by the Putnam County Legal Aid Society, and by the attorney who appeared for him at sentencing.

The defendant's claim that the Putnam County Legal Aid Society provided him with ineffective assistance of counsel with respect to the proceedings prior to sentencing is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In

this case, it is not evident from the record that the defendant was deprived of the effective assistance of counsel by the Putnam County Legal Aid Society (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since this claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The merit of the defendant's contention with respect to his representation at sentencing, however, is evident on the record. Where, as here, a defendant makes a conflict-based claim of ineffective assistance of counsel, the court must determine, first, whether there was a potential conflict of interest, and second, whether the defendant has shown that the conduct of the defense "was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Konstantinides*, 14 NY3d 1, 10 [2009] [internal quotation marks omitted]; *see People v Sanchez*, 21 NY3d 216, 223 [2013]; *People v Payton*, 100 AD3d 786, 787 [2012], *mod* 22 NY3d 1011 [2013]). Reversal is required if the conflict "operates on or affects the defense" (*People v Sanchez*, 21 NY3d at 223 [internal quotation marks omitted]).

The record establishes that the defendant's representation at sentencing by the attorney who had represented the People when he pleaded guilty presented a potential conflict of interest (*see People v Abar*, 99 NY2d 406 [2003]). Moreover, the record establishes that the potential conflict actually operated on or affected the defense. Indeed, the defendant's attorney at sentencing, by characterizing the defendant as a repeat offender, showed that she had not departed from her prosecutorial stance. Accordingly, we vacate the sentence imposed, and remit the matter to the County Court, Putnam County, for resentencing.

The defendant's remaining contentions are without merit or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.