■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SAAVERDA, Appellant. [17 NYS3d 322]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered March 19, 2013, convicting him of burglary in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 15 years, followed by a period of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 15 years to a determinate term of imprisonment of eight years; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of his right to due process at a hearing that was conducted to determine whether he violated a condition of the plea agreement (*see People v Butler*, 49 AD3d 894, 895 [2008]; *see also People v Cousar*, 128 AD3d 716 [2015]; *People v Youmans*, 106

AD3d 1036 [2013]; *People v Arrington*, 94 AD3d 903 [2012]; *People v Miles*, 268 AD2d 489 [2000]). Here, the sentencing court conducted an inquiry sufficient to conclude that a violation of the plea agreement had occurred and, therefore, the court satisfied the requirements of due process (*see People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Outley*, 80 NY2d 702 [1993]; *People v Arrington*, 94 AD3d 903 [2012]).

Under the circumstances of this case, the defendant's purported waiver of his right to appeal does not extend to the imposition of the enhanced sentence that was imposed upon him (*see People v Pianaforte*, 126 AD3d 815, 816 [2015]; *see also People v Maracle*, 19 NY3d 925 [2012]). Thus, the waiver does not preclude review of his excessive sentence claim.

The enhanced sentence imposed was excessive to the extent indicated herein. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.