Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered August 17, 2015, revoking a sentence of probation previously imposed by the same court (Berry, J.), upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal mischief in the second degree.
 

 Ordered that the amended judgment is affirmed.
 

 The defendant’s contention that she was deprived of her right to due process of law when the County Court failed to hold a hearing with respect to her postadmission arrest is unpreserved for appellate review, since she did not request a hearing, object to the adequacy of the inquiry conducted by the court, or move to withdraw her admission (see People v Cousar, 128 AD3d 716 [2015]; People v Benn, 23 AD3d 574 [2005]). In any event, the record demonstrates that the defendant violated the conditions of her probation that she complete 200 community service hours, pay restitution, participate in alcohol, chemical dependency, and mental health evaluations, and attend alcohol and substance abuse treatment. Based on these violations, the court properly imposed an enhanced sentence for the defendant’s conviction of criminal mischief in the second degree (see People v Cisneros, 43 AD3d 471, 471-472 [2007]; People v Benn, 23 AD3d at 574-575; People v Guerra, 291 AD2d 410, 411 [2002]).
 

 Contrary to the People’s contention, the defendant’s waiver of her right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Johnson, 135 AD3d 960 [2016]; People v Guarchaj, 122 AD3d 878, 879 [2014]). However, the sentence of imprisonment imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.