People v Jackson (2018 NY Slip Op 07451)





People v Jackson


2018 NY Slip Op 07451


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-02190
2017-02191
2017-02192
 (Ind. No. 2846-13, S.C.I. Nos. 2467-15, 2471-15)

[*1]The People of the State of New York, respondent, 
v
Shaborn Jackson, also known as Tyrell Jackson, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Suffolk County (Richard Ambro, J.), all rendered January 27, 2016, convicting him of attempted burglary in the second degree under Indictment No. 2846-13, attempted assault in the second degree under Superior Court Information No. 2467-15, and burglary in the third degree under Superior Court Information No. 2471-15, respectively, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
On October 8, 2014, the defendant pleaded guilty to attempted burglary in the second degree in full satisfaction of Indictment No. 2846-13, in exchange for a promise that he would be sentenced, as a second violent felony offender, to five years imprisonment followed by five years of postrelease supervision. While the defendant was awaiting sentencing for that crime, he committed acts that led to new charges under Superior Court Information Nos. 2467-15 and 2471-15, which charged him with attempted assault in the second degree and burglary in the third degree, respectively. On November 20, 2015, the defendant pleaded guilty to the charges in the two superior court informations. On January 27, 2016, the defendant was sentenced to seven years imprisonment followed by five years of postrelease supervision on the conviction of attempted burglary in the second degree under Indictment No. 2846-13, and lesser concurrent sentences of imprisonment on the attempted assault in the second degree and burglary in the third degree convictions.
Under the circumstances of this case, the defendant's first purported waiver of the right to appeal, given at the time of the first plea proceeding, did not encompass his right to appeal the harshness of the enhanced sentence that was imposed upon him on the conviction of attempted burglary in the second degree after he committed two new offenses prior to sentencing (see People v Maracle, 19 NY3d 925, 928; People v Yodice, 153 AD3d 1373; People v Saaverda, 132 AD3d 701, 702). Further, the defendant's second purported waiver of the right to appeal, given at the time of the second plea proceeding, was invalid due to the failure of the Supreme Court to explain the nature of the right to appeal (see People v Etienne, 152 AD3d 790; People v Brown, 122 AD3d 133, 140). Accordingly, the defendant's two purported waivers of the right to appeal do not preclude [*2]review of his challenges to the severity of his sentences.
However, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court