People v Knee (2019 NY Slip Op 05566)





People v Knee


2019 NY Slip Op 05566


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10911
 (Ind. No. 19/16)

[*1]The People of the State of New York, respondent,
v
Charles Knee, appellant.


Michael J. Annibale, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (W. Thomas Hughes of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered November 22, 2016, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of the right to appeal was valid and enforceable. The record shows that the defendant was sufficiently advised of the nature of the right to appeal, and that he knowingly, voluntarily, and intelligently waived that right (see People v Duryea, 116 AD3d 709, 710; People v Eccleston, 113 AD3d 699, 699).
The defendant's waiver of his right to appeal does not foreclose appellate review of his contention that he was deprived of his right to due process when the Supreme Court failed to make further inquiry to determine whether he violated a condition of the plea agreement requiring that he not violate the law or be arrested for violating the law (see People v Cousar, 128 AD3d 716, 716; People v Arrington, 94 AD3d 903, 903). However, this issue is unpreserved for appellate review because the defendant never objected to the adequacy of the inquiry conducted by the court and did not move to withdraw his plea (see People v Cousar, 128 AD3d at 716; People v Arrington, 94 AD3d at 903). In any event, the defendant did not deny his involvement in the postplea crime or argue that there was no legitimate basis for his arrest, and thus, the court did not err in failing to conduct further inquiry into the matter (see People v Shih-Siang Shawn Liao, 103 AD3d 757, 758; People v Billups, 63 AD3d 750, 750; People v Huggins, 45 AD3d 1380, 1380).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People
v Batista, 167 AD3d 69, 73-75; People v Baptiste, 164 AD3d 1357, 1357; People v Duryea, 116 AD3d at 710).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court