People v Wynne (2022 NY Slip Op 04182)

People v Wynne

2022 NY Slip Op 04182

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2021-06208

[*1]The People of the State of New York, respondent, 
v
Jeffrey Wynne, appellant. (S.C.I. No. 247/21)

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered July 30, 2021, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of his right to appeal does not foreclose appellate review of his contention that the Supreme Court failed to conduct a proper inquiry into his postplea arrest prior to imposing an enhanced sentence (see People v Knee, 174 AD3d 646, 646; People v Cousar, 128 AD3d 716, 716). However, contrary to the defendant's contention, the inquiry conducted by the court was sufficient to determine that there was a legitimate basis for the defendant's postplea arrest, and thus satisfied the requirements of due process (see People v Perez, 140 AD3d 799, 799; People v Driscoll, 131 AD3d 766, 767; People v Walker, 5 AD3d 702, 703).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel due to a conflict of interest. "The right to effective counsel ensures . . . the assistance of counsel that is 'conflict-free and singlemindedly devoted to the client's best interests'" (People v Berroa, 99 NY2d 134, 139, quoting People v Longtin, 92 NY2d 640, 644, cert denied 526 US 1114). Accordingly, where, as here, a defendant makes a conflict-based claim of ineffective assistance of counsel, the court must determine, first, "whether there was a potential conflict of interest," and second, whether the defendant has shown that the conduct of the defense "was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (People v Konstantinides, 14 NY3d 1, 10 [internal quotation marks omitted]; see People v Dollinger, 128 AD3d 1085, 1087). Here, the defendant failed to demonstrate either the existence of a conflict of interest or any prejudice as a result of the alleged conflict of interest (see People v Smart, 96 NY2d 793, 795; People v Argentina, 27 AD3d 569, 570; cf. People v Ortiz, 76 NY2d 652, 657).
Contrary to the People's contention, the defendant's waiver of the right to appeal does not extend to the imposition of the enhanced sentence because the Supreme Court did not inform the defendant of the maximum sentence which could be imposed if he failed to comply with the conditions of the plea until after he agreed to waive his right to appeal (see People v McNeil, 164 [*2]AD3d 608, 608; People v Saaverda, 132 AD3d 701, 702; see also People v Maracle, 19 NY3d 925). Thus, the waiver does not preclude appellate review of his excessive sentence claim.
However, the enhanced sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court