■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIE RUFFIN, Appellant. [617 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered October 2, 1992, convicting him

of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In exchange for his plea of guilty the defendant was promised a sentence of one to three years incarceration. Pending sentence, the defendant was allowed to remain free on bail, but was required to report to the probation department and warned to stay out of trouble or the court would impose an enhanced sentence. At sentencing, the court was informed that after taking his plea the defendant had been arrested and indicted for a homicide. After rejecting defense counsel's request for an adjournment to review the new charges, the court proceeded to sentence the defendant to the enhanced sentence of two to six years. The defendant argues that he is entitled to the original promised sentence since the court did not conduct an inquiry into the new charges or allow the defendant an opportunity to refute them. The defendant's argument is without merit. Since the defendant had already been indicted, the court was assured that there was a legitimate basis to the new charges. Thus, the court properly exercised its discretion in imposing an enhanced sentence *(see, People v Outley,* 80 NY2d 702; *People v Maietta,* 80 NY2d 702).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.