■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALEB YANCEY, Appellant. [668 NYS2d 481] —Appeals by the defendant from (1) two judgments of the Supreme Court, Queens County (Eng, J.), both rendered July 26, 1995, convicting him of criminal possession of a weapon in the third degree under Indictment No. 3240/94 and attempted robbery in the second degree under Indictment No. 5006/94, and (2) a judgment of the same court, also rendered July 26, 1995, as amended August 1, 1995, convicting him of attempted grand larceny in the third degree under Indictment No. 4473/94, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments rendered July 26, 1995, and the judgment rendered July 26, 1995, as amended August 1, 1995, are affirmed.

In exchange for his pleas of guilty, the defendant was promised a sentence of two to four years incarceration for each of his three convictions, the terms of imprisonment to run concurrently. Pending sentence, the defendant was allowed to remain free on bail and warned that if, *inter alia,* he were rearrested prior to sentencing, he would receive an enhanced sentence of "up to seven years in each case, the sentences [to] run consecutively". At sentencing, the court was informed that after taking his plea, the defendant had been arrested and indicted on the charge of attempted murder in the second degree. After rejecting the defense counsel's request, *inter alia,* for an adjournment of sentencing until after final disposition of the postplea charges, the court imposed enhanced sentences of three to six years for the defendant's convictions under Indictment Nos. 3240/94 and 5006/94 and directed that those terms would run consecutively to each other and consecutive to the term of imprisonment of two to four years for the defendant's conviction under Indictment No. 4473/94. The defendant argues that he is entitled to the original promised sentences since the court did not conduct a sufficient inquiry into the new charges to determine if there was a legitimate basis for his postplea arrest. The defendant's argument is without merit. Since the defendant had already been indicted, the court was assured that there was a legitimate basis for the new charges (*see, People v Ruffin,* 208 AD2d 657, 658). Thus, the court properly exercised its discretion in imposing enhanced sentences for two of the defendant's convictions (*see, People v Outley,* 80 NY2d 702).

The defendant's remaining contention is without merit. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.