■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR COLEMAN, Appellant. [697 NYS2d 683] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered November 12, 1996, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As a condition of his plea agreement, the defendant was warned to stay out of trouble pending sentence or the court would impose an enhanced sentence. At sentencing, the court was informed that the defendant had been rearrested and indicted on, *inter alia,* robbery charges. We reject the defendant's contention that the court impermissibly enhanced his sentence. Since the defendant had been indicted, the court was assured that there was a legitimate basis for the new charges. Thus, the court properly exercised its discretion in imposing an enhanced sentence (*see, People v Outley,* 80 NY2d 702; *People v Maietta,* 80 NY2d 702; *People v Ruffin,* 208 AD2d 657). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CONCEPCION, Appellant. [697 NYS2d 697] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered November 8, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's argument that he was deprived of a fair trial by prosecutorial misconduct. When a case is tried without a jury, absent a showing of prejudice, the Trial Judge is presumed to have considered only competent evidence adduced at trial in reaching the verdict (*see, People v Robinson,* 143 AD2d 376, 377). There is no basis for finding that the court considered anything but competent evidence. Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.