*288 OPINION OF THE COURT
Vincent M. Del Giudice, J.
The indictment herein charged defendant with criminal possession of a weapon in the second degree and related crimes. On November 19, 2003, defendant entered a guilty plea before me to criminal possession of a weapon in the third degree, under count 2 of the indictment and in full satisfaction thereof. Sentence is pending.
Certain conditions were imposed in connection with the plea agreement and defendant now moves for a fact-finding hearing to determine whether defendant has in fact violated the plea agreement and thus is subject to an enhanced sentence. For the reasons set forth below, defendant’s application is granted in part only.
The guilty plea herein was entered in exchange for the negotiated sentence of two years’ incarceration and three years’ post-release supervision or, in the alternative, lVs to 4 years’ incarceration if the court, in its sole discretion, adjudicated defendant a youthful offender. As part of the plea agreement, defendant would have the option of withdrawing his guilty plea if the court found defendant not suitable for youthful offender treatment. The People consented to defendant remaining at liberty pending sentence.
Specific conditions of the plea agreement included, inter alia, defendant staying out of trouble and defendant not getting rearrested between the entry of the guilty plea and the sentence date, initially scheduled for January 21, 2004. Defendant was advised, and acknowledged his understanding, that in the event he violated any plea condition, he would not be permitted to withdraw his guilty plea and the court would be free to impose an enhanced sentence up to the authorized maximum sentence of seven years’ incarceration. The pertinent portions of the plea allocution follow:
“the court: You must not get into trouble or get rearrested between now and the date for sentencing. Getting arrested for anything. Not convicted, but just arrested ... In the event you fail to fully comply with any or all of these conditions I am not bound to impose the negotiated sentence. You will not be permitted to withdraw your guilty plea and I am authorized by law to impose a higher sentence of up to 7 years. You understand that?
“the defendant: Yes.” (Plea transcript, Nov. 19, *289 2003, at 10-11.)
“the court: Now, as part of the negotiations I had indicated along with the People that we will allow you to remain at liberty pending sentence. Understand that if you violate any of the terms and conditions of this plea agreement I will sentence you to the maximum I can which is 7 years. Do you understand that?
“the defendant: Yes.
“the court: Is there any doubt in your mind that I will sentence you to 7 years in a heart beat if you violatd any of the terms and conditions or get involved in a criminal act while remaining out at liberty?
“the defendant: No.” (Plea transcript, Nov. 19, 2003, at 12-13.)
On the scheduled sentence date, the court learned that following entry of the guilty plea herein, defendant had been rearrested and consequently had been indicted on multiple counts of assault in the second and third degrees, gang assault in the second degree and menacing in the second degree, and one count of criminal possession of a weapon in the fourth degree. The court noted that the “no arrest” condition of the plea agreement had been violated, and thus the court was prepared to impose an appropriately enhanced sentence. However, defense counsel represented that defendant denied any involvement in the crimes charged in the new indictment and counsel made an application for a hearing to determine whether or not defendant was, in fact, involved in the crimes charged in the new indictment. Although that application was denied, the parties were given the opportunity to submit memoranda of law setting forth their respective arguments and offering relevant case law.
The crux of defendant’s argument is that the plea agreement imposed a “no misconduct” condition rather than a “no arrest” condition, or that the relevant portions of the plea agreement are ambiguous. Thus, citing Spence v Superintendent, Great Meadow Correctional Facility (219 F3d 162 [2d Cir 2000]), Torres v Berbary (340 F3d 63 [2d Cir 2003]), and related cases, defendant seeks a fact-finding hearing to determine whether he in fact committed the criminal acts underlying the new arrest, and/or whether the new arrest was baseless.
The People, on the other hand, citing People v Outley (80 NY2d 702 [1993]), and related cases, argue that there is no am *290 biguity or lack of clarity in the “no arrest” plea condition; that the “no arrest” plea condition was violated by defendant’s rearrest; and that the new indictment stemming from that rearrest provides sufficient grounds for the court to find that the new arrest was not malicious or baseless, thereby obviating the need for a fact-finding hearing.
Initially, as the minutes of the plea proceedings herein show, the plea agreement included, inter alia, a “no arrest” condition and defendant acknowledged his understanding of all conditions imposed. Additionally, on the initially-scheduled sentence date, defendant did not contest the fact that he was rearrested while at liberty pending sentence on the guilty plea entered herein, nor did defendant contest the fact that he was indicted on new charges stemming from that rearrest. However, through counsel, defendant denied his guilt of the new charges and, relying on the holdings in Spence v Superintendent (supra) and Torres v Berbary (supra), defendant contends that due process requires a fact-finding hearing to determine the legitimacy of defendant’s new arrest, to address the legal sufficiency of the grand jury presentation in connection with the new indictment and to determine, by a preponderance of the evidence, whether defendant in fact committed the criminal acts charged in the new indictment and thereby violated the instant plea agreement.
Defendant’s reliance on Spence v Superintendent (supra) in support of his arguments is misplaced. In Spence, as part of the plea agreement entered into in Supreme Court, Kings County, the plea court placed defendant Spence on interim court-supervised probation and specifically instructed the defendant that if he were to “get rearrested, that’s a voluntary choice you made by going out and doing something which you should not have been doing. It rests solely with you . . . ,” then defendant Spence would be in violation of the plea agreement (at 167). Considering defendant Spence’s application for a writ of habeas corpus, the United States Court of Appeals for the Second Circuit found that particular instruction (not given in the instant case) to be “ambiguous, and susceptible to two meanings: Spence would violate the terms of his probation simply by being rearrested; or, Spence would violate probation only if he committed some wrongful act within his control. That is to say, the plea agreement could be understood either as a ‘no arrest’ or as a ‘no misconduct’ agreement” (id.). Construing such ambiguity in defendant Spence’s favor by interpreting the instruction to be a definition of what it meant to get rearrested, and *291 accepting defendant Spence’s position that he “understood the rearrest provision to cover only those acts over which he had control,” the Spence court found that defendant Spence had agreed to a “no misconduct” condition; thus, the Spence court held that, in the particular circumstances presented, before an enhanced sentence could properly be imposed for violation of the plea condition in question, due process required the government to prove a breach of the “no misconduct” plea condition, i.e., to prove that defendant Spence committed the criminal act underlying his new arrest, by a preponderance of the evidence (at 168-169).
Defendant’s reliance on Torres v Berbary (supra) in support of his arguments likewise is misplaced. In Torres, the plea agreement entered into in Supreme Court, Bronx County, included a condition that the defendant successfully complete a residential drug treatment program. Defendant Torres was discharged unfavorably from that program based on hearsay allegations that he was involved with others in a plan to bring drugs into the facility. Additionally, defendant Torres was not afforded his asserted right to a review by the program director of the hearsay allegations against him. Despite defendant Torres’ representation to the plea court that he had not engaged in the alleged misconduct, that court (unlike the court herein) relied solely on the written report of a program administrator, containing only the hearsay allegations of misconduct, to find defendant Torres in violation of the plea agreement; thus, the plea court imposed an enhanced sentence (Torres v Berbary, supra at 65-66). In connection with defendant Torres’ application for a writ of habeas corpus, the Torres court conditionally granted the application, finding that in the particular circumstances presented, due process required “some kind of hearing” regarding defendant Torres’ alleged “wrongdoing,” at which hearing the preponderance of the evidence standard would apply (at 71-72).
Unlike the ambiguous plea condition in Spence v Superintendent (supra), in the instant case a distinct condition of the plea agreement was that defendant not get rearrested while at liberty pending sentence. Defendant acknowledged his understanding that a showing that defendant was “not convicted but just arrested” would constitute a violation of a condition of the plea agreement and result in the imposition of an enhanced sentence. And unlike the hearsay allegations offered in Torres v Berbary (supra), in the instant case the showing that defendant is in violation of the plea agreement consists of the uncontroverted *292 facts that defendant was rearrested prior to the initially-scheduled sentence date herein, and that defendant was indicted on charges stemming from that rearrest.
It is well settled that to find a violation of a “no arrest” plea condition which would result in an enhanced sentence, it is not necessary for the sentencing court to find that a defendant actually committed the postplea offense which led to the new arrest (see, e.g., People v Outley, supra at 712-713). Rather, due process is served when the sentencing court is satisfied of the existence of a legitimate basis for the arrest on that charge (People v Outley, supra at 713). Thus, the only issue before this court is whether defendant’s new arrest was legitimate, rather than malicious or baseless (id.).
Although in Torres (supra) the United States Court of Appeals for the Second Circuit concluded that “due process in sentencing requires at least a showing by a preponderance of evidence to resolve disputed factual issues” (at 71), in Coleman v Rick (281 F Supp 2d 549 [ED NY 2003]), decided 14 days after Torres, the United States District Court for the Eastern District of New York found that conclusion to be “unfounded,” as converting a “sufficient” evidentiary standard into a “necessary” evidentiary standard that not only is unsupported by any Supreme Court precedent, but also is contradicted by the Supreme Court in McMillan v Pennsylvania (477 US 79 [1986]), decided in 1986 (Coleman v Rick at 560). Specifically, in McMillan v Pennsylvania, the Supreme Court noted that sentencing courts have “traditionally heard evidence and found facts without any prescribed burden of proof’ and, in considering a Pennsylvania statute that required proof by a preponderance of the evidence to support a particular sentence enhancement provision, found both that the statutory procedure satisfied due process and presented no “warrant [for] constitutionalizing burdens of proof at sentencing” (at 91-92). In any event, pursuant to Coleman v Rick (supra at 560), even under the preponderance of the evidence standard set forth by the Torres court, in the instant case the legitimate basis for defendant’s rearrest was satisfactorily established by defendant’s indictment on charges stemming from that rearrest (see, also, People v Coleman, 266 AD2d 227 [2d Dept 1999], lv denied 94 NY2d 946 [2000]).
Based on all of the above, defendant’s application for an expanded fact-finding hearing addressing, inter alia, the sufficiency of the grand jury presentation in connection with the *293 new indictment and whether defendant in fact committed the criminal acts charged in the new indictment is denied. However, heeding the dicta contained in Coleman v Rick (supra at 560-561), in connection with what that court terms a “disquietude” regarding sentencing proceedings left in the wake of the decision of the United States Court of Appeals for the Second Circuit in Torres v Berbary (supra), this court will grant defendant the opportunity to offer, if he so chooses, sworn allegations of fact and any other competent evidence to support his position that his rearrest was baseless. Following any such limited hearing, this case will proceed to sentencing.