■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME RICKETTS, Appellant. [811 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Wong, J.), rendered April 28, 2004, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the court failed to conduct an adequate inquiry into the validity of his postplea arrest on an unrelated crime before imposing an enhanced sentence (see People v Outley, 80 NY2d 702 [1993]). Contrary to the People's contention, the defendant's "general waiver of the right to appeal does not encompass that claim since it was based on his post-plea conduct" (People v Miles, 268 AD2d 489, 490 [2000]).

As a condition of his plea agreement, which included placement in a drug treatment program, the defendant was not to be rearrested or the court would impose an enhanced sentence. At sentencing, the court was informed that the defendant had been re-arrested and indicted by a grand jury on, inter alia, robbery charges. We reject the defendant's contention that the court impermissibly enhanced his sentence. "Since the defendant had been indicted, the court was assured that there was a legitimate basis for the new charges. Thus, the court properly exercised its discretion in imposing an enhanced sentence" (*People v Coleman,* 266 AD2d 227 [1999]; *see People v Outley, supra; People v Bennett,* 4 Misc 3d 287 [2004]; *cf. Torres v Berbary,* 340 F3d 63 [2003]). To the extent the defendant bases his claim on the post-enhanced sentence dismissal of the robbery indictment, it is not properly raised on this appeal because it involves a matter which is dehors the record (*see generally People v Velazquez,* 21 AD3d 388 [2005], *lv denied* 5 NY3d 857 [2005]).

"[A]ppellate review of the defendant's contention that his enhanced sentence is harsh and excessive is precluded by the knowing, voluntary, and intelligent waiver of his right to appeal" (*People v Miles, supra* at 490). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.