■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW WARDE, Appellant. [847 NYS2d 144]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Holdman, J.), rendered September 22, 2006, convicting him of criminal possession of a weapon in third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The form signed by the defendant, which purported to constitute a waiver of his right to appeal, was insufficient to establish that he knowingly, intelligently, and voluntarily waived his right to appeal from his sentence on the ground of excessiveness (*see People v Hurd*, 44 AD3d 791 [2007]; *People v Hale*, 30 AD3d 613, 614 [2006]). We thus consider the defendant's contention that the sentence imposed was excessive.

The excessiveness of the defendant's sentence involves several issues, including whether an enhanced sentence was properly imposed (*see People v Brown*, 265 AD2d 486 [1999]). In order to impose an enhanced sentence based upon a postplea arrest, the sentencing court must conduct an inquiry of "suf-

ficient depth . . . so that the court can be satisfied—not of defendant's guilt of the new criminal charge, but of the existence of a legitimate basis for the arrest on that charge" (*People v Outley*, 80 NY2d 702, 713 [1993]). The fact that the defendant was indicted for a charge underlying the postplea arrest is prima facie evidence that there is a legitimate basis for the arrest on that charge (*see People v Ricketts*, 27 AD3d 488, 489 [2006]; *People v Coleman*, 266 AD2d 227 [1999]). However, the defendant should still be afforded "the opportunity to speak" and present additional information with respect to the postplea arrest if he or she chooses to do so (*Coleman v Rick*, 281 F Supp 2d 549, 558-559 [2003]; *see People v Maietta*, 80 NY2d 702, 714 [1993]; *People v Henriques*, 291 AD2d 290, 291 [2002]; *People v Coleman*, 266 AD2d 227 [1999]; *People v Santana*, 254 AD2d 152 [1998]). In the instant case, the defendant attempted to speak but was not afforded that opportunity. Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, to provide the defendant with an opportunity to speak and for resentencing thereafter.

At sentencing, the defendant did not raise the question of youthful offender treatment, however, and therefore that issue is unpreserved for appellate review (*see People v Miles*, 244 AD2d 433, 434 [1997]).

In light of our determination, we need not reach the question of whether the duration of the sentence imposed was excessive. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.