■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY YOUMANS, Appellant. [965 NYS2d 381]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gulotta, Jr., J.), rendered January 19, 2011, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). Although the defendant's waiver of the right to appeal is valid, it does not preclude appellate review of his claim that he was denied his right to due process because the sentencing court did not conduct a hearing to determine if he violated a condition of the plea agreement (*see People v Arrington*, 94 AD3d 903 [2012]; *People v Butler*, 49 AD3d 894, 895 [2008]; *People v Kitchens*, 46 AD3d 577, 578 [2007]).

Sentencing is a critical stage of the criminal proceeding and must satisfy the requirements of due process (*see People v Fiammegta*, 14 NY3d 90, 96 [2010]; *People v Outley*, 80 NY2d 702,

712 [1993]). In order to comply with due process, the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate (*see People v Outley*, 80 NY2d 702, 712 [1993]). Contrary to the defendant's contention, the sentencing court conducted an inquiry sufficient to determine whether he violated a condition of the plea agreement by failing to comply with a drug abuse treatment program (*see People v Arrington*, 94 AD3d at 903; *cf. People v Fiammegta*, 14 NY3d at 98).

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.