■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SHAND, Appellant. [972 NYS2d 103]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 21, 2012, convicting him of murder in the first degree and predatory sexual assault, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea of guilty prior to the imposition of sentence (*see* CPL 220.60 [3], 470.05 [2]; *People v Murray,* 15 NY3d 725, 726 [2010]; *People v Clarke,* 93 NY2d 904, 906 [1999]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Oseni,* 107 AD3d 829 [2013]; *People v Newson,* 106 AD3d 839, 840 [2013]; *People v Cohen,* 100 AD3d 919 [2012]). Moreover, the rare exception to the preservation requirement is inapplicable here (*see People v Lopez,* 71 NY2d at 665). In any event, the record reveals that the defendant was properly advised of the direct consequences of the plea, and that he understood its consequences (*see People v Catu,* 4 NY3d 242, 244-245 [2005]; *People v Ford,* 86 NY2d 397, 402-403 [1995]).

The defendant's valid waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Bradshaw,* 18 NY3d 257, 264-267 [2011]; *People v Lopez,* 6 NY3d 248, 256-257 [2006]; *People v Yarborough,* 83 AD3d 875 [2011]; *People v Cardona,* 51 AD3d 941 [2008]; *People v Gedin,* 46 AD3d 701 [2007]). To the extent the defendant contends that the voluntariness of his plea was affected by ineffective assistance of counsel, the record reveals that the defendant received the effective assistance of counsel (*see Hill v Lockhart,* 474 US 52 [1985]; *Strickland v Washington,* 466 US 668, 694 [1984]; *People v Ford,* 86 NY2d at 404).

The defendant's valid waiver of his right to appeal also precludes appellate review of his claim that the sentence imposed was excessive (*see People v Lopez,* 6 NY3d at 256; *People v Seaberg,* 74 NY2d 1, 9 [1989]). Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.