Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered May 12, 2011, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence.
*856 Ordered that the judgment is affirmed.
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CPL 220.60 [3]; 470.05 [2]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Cullum, 93 AD3d 856 [2012]; People v Hayes, 91 AD3d 792 [2012]; People v Kulmatycski, 83 AD3d 734 [2011]). Furthermore, the “rare case” exception to the preservation requirement does not apply here because the defendant’s allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v Lopez, 71 NY2d 662, 666 [1988]; see People v McNair, 13 NY3d 821, 822 [2009]; People v Soria, 99 AD3d 1027, 1027 [2012]; People v Young, 88 AD3d 918, 918 [2011]). In any event, the record reflects that the plea was knowing, voluntary, and intelligent (see People v Seeber, 4 NY3d 780, 780-781 [2005]; People v Alexander, 97 NY2d 482, 485 [2002]; People v Harris, 61 NY2d 9 [1983]).
The defendant’s valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Ropiza, 100 AD3d 935 [2012]; People v Watt, 82 AD3d 912 [2011]; People v Aguayo, 73 AD3d 938, 939 [2010]). To the extent the defendant claims that the alleged ineffective assistance affected the voluntariness of his plea, the record reveals that he received an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 146-147 [1981]; People v Aguayo, 73 AD3d at 939; People v Hughes, 62 AD3d 1026 [2009]).
The defendant’s remaining contention is without merit (see People v Eun Sil Jang, 17 AD3d 693, 694 [2005]). Angiolillo, J.P, Balkin, Austin and Miller, JJ., concur.