Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 16, 2013, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
To the extent that the defendant’s claim that his plea of guilty was not knowingly, voluntarily, or intelligently entered rests on matter outside the record on appeal, it may not be reviewed on direct appeal (see People v Smith, 85 AD3d 1065 [2011]; People v Steven B., 81 AD3d 843 [2011]; People v Griffith, 78 AD3d 1194 [2010]). To the extent that this claim is based on matter appearing on the record, it is not preserved for appellate review since the defendant did not move to withdraw his plea (see People v Steven B., 81 AD3d at 843; People v Bunn, 79 AD3d 1143 [2010]; People v Nowell, 46 AD3d 707 [2007]). In any event, the claim is without merit.
*989 The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Leventhal, Chambers and LaSalle, JJ., concur.