■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LaVARR A. CANNON, Appellant. [997 NYS2d 641]—

Appeals by the defendant from three judgments of the Supreme Court, Nassau County (Donnino, J.), all rendered March 11, 2013, convicting him of assault in the first degree and leaving the scene of an accident involving injury under

indictment No. 1852/11, attempted assault in the first degree, assault on a police officer, and reckless driving under indictment No. 495/12, and tampering with physical evidence, criminal possession of marijuana in the third degree, and unlawfully fleeing a police officer in a motor vehicle in the third degree under indictment No. 632/12, upon his pleas of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Arteev*, 120 AD3d 1255 [2014]). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the suppression determinations of the hearing courts (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Vaiana*, 119 AD3d 879 [2014]; *People v Persaud*, 118 AD3d 820 [2014]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of the plea (*see People v Brown*, 117 AD3d 962 [2014]; *People v Mejia*, 112 AD3d 855, 856 [2013]; *People v Dunne*, 106 AD3d 928, 928-929 [2013]). To the extent the defendant contends that the alleged ineffective assistance of counsel affected the voluntariness of his plea, the record reveals that he received an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Mejia*, 112 AD3d at 856; *People v Duah*, 91 AD3d 884, 885 [2012]). Further, the record does not support the defendant's contention that he was deprived of the effective assistance of counsel under the federal constitution (*see Hill v Lockhart*, 474 US 52, 59 [1985]; *People v Garrett*, 68 AD3d 781, 782 [2009]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.