■ The People of the State of New York, Respondent, v Laikuan Bracy, Appellant. [15 NYS3d 397]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hirsch, J.), rendered March 26, 2010, convicting him of robbery in the third degree and petit larceny, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

While the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]), that waiver does not preclude appellate review of his current claim that he was denied due process at sentencing when the Supreme Court determined that his postplea arrest for an unrelated matter violated a condition of his plea agreement (*see People v Youmans*, 106 AD3d 1036 [2013]; *People v Arrington*, 94 AD3d 903 [2012]).

However, to the extent that the defendant contends that the Supreme Court erred in failing to hold a hearing to explore the legitimacy of the basis for his new arrest, the contention is unpreserved for appellate review, as he never requested such a hearing (*see People v Cousar*, 128 AD3d 716 [2015]; *People v Stafford*, 115 AD3d 683 [2014]; *People v Bradshaw*, 105 AD3d 758 [2013]; *People v Kitchens*, 46 AD3d 577 [2007]). In any event, the defendant's contention is without merit, as no formal hearing was required, and the court conducted a sufficient inquiry and properly relied on the indictment of the defendant on the new charges in determining the legitimacy of the arrest (*see People v Outley*, 80 NY2d 702, 712-714 [1993]; *People v Ricketts*, 27 AD3d 488 [2006]; *People v Coleman*, 266 AD2d 227 [1999]; *People v Yancey*, 247 AD2d 561 [1998]; *People v Ruffin*, 208 AD2d 657 [1994]). In this regard, although the defendant was afforded ample opportunity to address the validity of the basis for the new arrest, he presented nothing but vague, conclusory, and speculative assertions concerning the new charges. Similarly, the court was not required to postpone sentencing indefinitely to await the resolution of the defendant's new charges (*see generally People v Yancey*, 247 AD2d 561 [1998]). Since the record supports the court's conclusion that the defendant's new arrest constituted a violation of a condition of the plea agreement, the imposition of the challenged sentence was appropriate (*see People v Cousar*, 128 AD3d at 716-717; *People v Youmans*, 106 AD3d 1036 [2013]; *People v Arrington*, 94 AD3d 903 [2012]; *People v Kitchens*, 46 AD3d 577 [2007]). Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.