■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWON FLOWERS, Appellant. [56 NYS3d 470]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 15, 2014, convicting him of burglary in the first degree (two counts) and kidnapping in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal limits the appellate review by this Court to issues raised by the defendant relating to the voluntariness of the plea, including issues of ineffectiveness assistance of counsel that affected the voluntariness of the plea (*see People v Parilla*, 8 NY3d 654, 660 [2007]; *People v Brown*, 116 AD3d 1062 [2014]; *People v Shand*, 110 AD3d 745 [2013]; *People v Borges*, 103 AD3d 747 [2013]). The defendant's challenge to the factual sufficiency of the plea allocution with respect to kidnapping in the second degree is precluded by the valid waiver of his right to appeal (*see People v Smith*, 146 AD3d 904 [2017]; *People v Duchatellier*, 138 AD3d 887 [2016]; *People v Dame*, 100 AD3d 1032 [2012]). The defendant fails to raise any allegations of ineffective assistance of counsel that affect the voluntariness of the plea. Further, the defendant's valid waiver of his right to appeal precludes review of his claim that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Shand*, 110 AD3d 745 [2013]). Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.