■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND PORTER, Appellant. [57 NYS3d 897]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Gubbay, J.), imposed June 9, 2015, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bovian*, 148 AD3d 924 [2017]; *People v Gonzalez*, 142 AD3d 717 [2016]; *People v Chambers*, 142 AD3d 672 [2016]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Chambers, Roman, Cohen and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DECHEAN V. RANKINE, Appellant. [57 NYS3d 890]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered June 6, 2016, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Ramos*, 7 NY3d 737 [2006]; *People v Muniz*, 91 NY2d 570, 575 [1998]) precludes appellate review of his contention that the sentence imposed was excessive (*see People v Seaberg*, 74 NY2d 1, 9 [1989]). Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.