Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 28, 2014, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Jessamy, 137 AD3d 1056, 1056 [2016]). The defendant’s valid waiver of his right to appeal precludes appellate review of his challenge to the factual sufficiency of the plea allocution (see People v Flowers, 152 AD3d 791 [2017]; People v Smith, 146 AD3d 904, 904-905 [2017]).
 

 The defendant’s contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Smith, 146 AD3d at 904-905; People v Magnotta, 137 AD3d 1303 [2016]). However, contrary to the defendant’s contention, his plea of guilty was not coerced by the County Court’s remarks informing him of his possible sentence exposure were he to proceed to trial. Such remarks are informative rather than coercive (see People v Foster, 99 AD3d 812, 812-813 [2012]; People v Strong, 80 AD3d 717, 718 [2011]; People v Bravo, 72 AD3d 697, 698 [2010]).
 

 By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea negotiation process and sentence (see People v Fakhoury, 103 AD3d 664 [2013]; People v Soria, 99 AD3d 1027, 1027-1028 [2012]). Moreover, the defendant’s valid waiver of his right to appeal limits this Court’s review to issues regarding the voluntariness of the plea (see People v Flowers, 152 AD3d 791 [2017]; People v Mejia, 112 AD3d 855, 856 [2013]). To the extent that the defendant’s contentions are related to the voluntariness of the plea, his contentions involve a “mixed claim” of ineffective assistance that requires reference to matters outside the record (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]; People v Thorne, 116 AD3d 988 [2014]; People v Fakhoury, 103 AD3d 664 [2013]). It is not evident based on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Therefore, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Thorne, 116 AD3d 988 [2014]; People v Fakhoury, 103 AD3d at 664).
 

 The defendant’s valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rankine, 153 AD3d 732 [2017]; People v Flowers, 152 AD3d 791 [2017]).
 

 The defendant’s remaining contentions are without merit.
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.