People v Atkins (2018 NY Slip Op 00432)





People v Atkins


2018 NY Slip Op 00432


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2016-08174
 (Ind. No. 15-00544)

[*1]The People of the State of New York, respondent,
v
Timothy . Atkins, appellant.


Michele Marte-Indzonka, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered July 13, 2016, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to grand larceny in the fourth degree in exchange for a promised sentence of six months in jail and a five-year period of probation. However, after the defendant violated a condition of the plea that he not be rearrested prior to sentencing, the court imposed an indeterminate term of imprisonment of one to three years.
The defendant's contention that he was coerced into admitting to the violation of a plea condition, while not precluded by his appeal waiver (see People v Bracy, 131 AD3d 538, 539; People v Ricketts, 27 AD3d 488, 489), is unpreserved for appellate review (see People v Bracy, 131 AD3d at 539; People v Arrington, 94 AD3d 903; cf. People v Weston, 145 AD3d 746, 747; People v Holcombe, 116 AD3d 1063). In any event, the contention is not supported by the record, which does not reflect that the defendant was coerced, but only that the sentencing court informed the defendant of what the People's sentencing recommendation would be if he admitted to the violation and committed to accept the People's recommendation upon such an admission (see generally People v Seaberg, 74 NY2d 1, 9; People v Licausi, 122 AD3d 771, 773).
The defendant's valid waiver of his right to appeal limits this Court's review of the defendant's ineffective assistance of counsel claim to issues regarding the voluntariness of the plea (see People v Martinez, 155 AD3d 1063; People v Flowers, 152 AD3d 791). To the extent that the defendant's contentions are related to the voluntariness of the plea, his contentions involve a "mixed claim" of ineffective assistance that requires reference to matters outside the record (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2; People v Freeman, 93 AD3d 805, 806). It is not evident based on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824; People v Brown, 45 NY2d 852). Therefore, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d at 806).
Review of the defendant's excessive sentence claim is precluded by his valid waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Perry, __AD3d__, 2017 NY Slip Op 08539 [2d Dept 2017]; People v Martinez, 155 AD3d 1063).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court