People v Walter V. (2019 NY Slip Op 09041)





People v Walter V.


2019 NY Slip Op 09041


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2016-08319
2018-06214
 (Ind. No. 2610/14, S.C.I. No. 1100/15)

[*1]The People of the State of New York, respondent,
v
Walter . (Anonymous), appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (William Condon, J.), both rendered July 23, 2015, convicting him of assault in the first degree (three counts) and gang assault in the first degree (three counts) under Indictment No. 2610/14 and promoting prison contraband in the first degree under Superior Court Information No. 1100/15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Pursuant to a plea agreement, the defendant pleaded guilty to three counts of assault in the first degree (Penal Law § 120.10[1]) and three counts of gang assault in the first degree (Penal Law § 120.07) under Indictment No. 2610/14 and promoting prison contraband in the first degree under Superior Court Information No. 1100/15. The defendant was adjudicated a youthful offender and was sentenced to concurrent indeterminate terms of imprisonment of 1&frac13; to 4 years on each count in accordance with the plea agreement.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 255-256; cf. People v Pelaez, 100 AD3d 803, 804).
The defendant's contention that his pleas were not knowing, voluntary, and intelligent survives his valid appeal waivers (see People v Martinez, 155 AD3d 1063; People v Smith, 146 AD3d 904, 904-905; People v Magnotta, 137 AD3d 1303). However, the defendant failed to preserve this contention for appellate review, since he did not move to withdraw the pleas on this ground prior to imposition of the sentences (see CPL 220.60[3]; 470.05[2]; People v Clarke, 93 NY2d 904, 906; People v Lopez, 71 NY2d 662, 665; People v Mejia, 112 AD3d 855, 856; People v Hayes, 91 AD3d 792). Furthermore, the exception to the preservation requirement does not apply here because the defendant's plea allocutions did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his pleas (see People v McNair, 13 NY3d 821, 822; People v Lopez, 71 NY2d at 666; People v Mejia, 112 AD3d at 856; People v Soria, 99 AD3d 1027, 1027). In any event, the record reveals that the defendant's pleas [*2]were entered knowingly, voluntarily, and intelligently (see People v Harris, 61 NY2d 9; People v Gibson, 95 AD3d 1033, 1033).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court