People v Todarello (2020 NY Slip Op 04190)





People v Todarello


2020 NY Slip Op 04190


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-10117
2018-10118

[*1]The People of the State of New York, respondent,
v
Jamie J. Todarello, appellant. (Ind. Nos. 2358/17, 2396/17) Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Martin Efman, J.), both rendered August 2, 2018, convicting him of burglary in the third degree under Indictment No. 2396/17 and burglary in the third degree under Indictment No. 2358/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The record demonstrates that the defendant's waiver of the right to appeal was knowing, intelligent, and voluntary (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). Contrary to the People's contention, the waiver does not foreclose appellate review of the defendant's contention that he was deprived of due process by the County Court's failure to conduct a hearing to determine if he violated a condition of the plea agreement (see People v Rodas, 131 AD3d 1181, 1181-1182; People v Bracy, 131 AD3d 538, 539; People v Youmans, 106 AD3d 1036). Nevertheless, the court's determination that the defendant violated the conditions of his release under the judicial diversion program was consistent with due process requirements and supported by reliable and accurate evidence, namely, the contents of the presentence report (see CPL 216.05[9][b]; People v Keller, 139 AD3d 755; People v Travers, 95 AD3d 1239, 1240).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the County Court improvidently exercised its discretion in imposing an enhanced sentence, as well as his contention that the enhanced sentence was excessive (see People v Hidalgo, 91 NY2d 733; People v Catanzaro, 157 AD3d 961, 962).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court