People v Rivera (2020 NY Slip Op 06292)





People v Rivera


2020 NY Slip Op 06292


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13558

[*1]The People of the State of New York, respondent,
v
Rene Rivera, appellant. (S.C.I No. 1489/18)


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J. ), rendered October 15, 2018, convicting him of sexual misconduct, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to his contention, the defendant's waiver of his right to prosecution by indictment was knowing, voluntary, and intelligent (see People v Giddens, 172 AD3d 1402; People v Cardona-Velasquez, 152 AD3d 618).
Further, contrary to his contention, the record demonstrates that the defendant's waiver of his right to appeal was knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d 545, 559-565; People v Sanders, 25 NY3d 337, 340-342; People v Ramos, 7 NY3d 737, 738). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Rankine, 153 AD3d 732; People v Flowers, 152 AD3d 791).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court