People v Geter (2021 NY Slip Op 01271)





People v Geter


2021 NY Slip Op 01271


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-10516
 (Ind. No. 80/16)

[*1]The People of the State of New York, respondent,
v
Keith A. Geter, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 7, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal possession of a controlled substance in the third degree, with the agreement that if he successfully completed a judicial diversion program, he would be sentenced to a period of probation of 5 years, but that if he did not complete the program successfully he would be exposed to a possible sentence of imprisonment of 12 years. After the defendant was discharged from the program for allegedly violating its rules, he was sentenced to a determinate term of imprisonment of 5 years plus 3 years of postrelease supervision.
Contrary to the defendant's contention, the County Court did not err in declining to conduct a hearing on whether he had violated the conditions of his release under the program (see People v Fiammegta, 14 NY3d 90, 98). The court's determination that the defendant violated the conditions of his release was consistent with due process requirements and supported by reliable and accurate evidence, namely, the contents of the presentence report which included the defendant's admission to the probation officer who prepared the report that he was involved with drugs while in the program (see People v Todarello, 185 AD3d 970; People v Keller, 139 AD3d 755).
Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court