People v Ford (2024 NY Slip Op 00912)

People v Ford

2024 NY Slip Op 00912

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-07890
2022-07891

[*1]The People of the State of New York, respondent,
v
Barshawn Ford, appellant. (Ind. Nos. 2149/17, 1258/21)

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Alexander Vidal of counsel), for respondent

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Ira H. Margulis, J.), both rendered September 14, 2022, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 2149/17, and assault in the second degree under Indictment No. 1258/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, he was not deprived of due process by the Supreme Court's failure to hold an Outley hearing prior to imposing enhanced sentences (see People v Outley, 80 NY2d 702, 713). "Due process requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Murdock, 175 AD3d 1560, 1561; see People v Outley, 80 NY2d at 713). Here, the court's inquiry was sufficient to determine whether the defendant had violated the terms of the plea agreement (see People v Moore, 210 AD3d 1111, 1112).
Furthermore, the Supreme Court properly relied on the subsequent indictment, which provided assurance that there was a legitimate basis for the new charges against the defendant (see People v Bracy, 131 AD3d 538, 539; People v Ricketts, 27 AD3d 488), and which was further supported by the video footage of the defendant. Contrary to the defendant's contention, this evidence of his postplea criminal conduct provided a legitimate basis for the enhancement of the sentences, even though his incarceration on other charges obviated the need to physically arrest and detain him (see People v Woods, 150 AD3d 1560).
Accordingly, the Supreme Court providently exercised its discretion in imposing enhanced sentences.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court