People v Arenas (2025 NY Slip Op 03732)

People v Arenas

2025 NY Slip Op 03732

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-08840
 (Ind. No. 70284/19)

[*1]The People of the State of New York, respondent,
v
Jeffrey Arenas, appellant. Benjamin Greenwald, Middletown, NY, for appellant.

David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered October 25, 2022, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a controlled substance in the third degree (Penal Law § 220.16[1]), upon his plea of guilty, and the County Court sentenced him to a determinate term of imprisonment of eight years, to be followed by two years of postrelease supervision.
The defendant's sole contention on appeal is that the sentence imposed was excessive. However, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). Thus, appellate review of the defendant's contention that his sentence was excessive is precluded by the valid waiver of his right to appeal (see People v Eastman, 234 AD3d 985, 986; People v Todarello, 185 AD3d 970, 970-971).
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court