People v Romero (2025 NY Slip Op 05700)

People v Romero

2025 NY Slip Op 05700

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

[*1]The People of the State of New York, respondent,
v
Byron Romero, appellant. (S.C.I. No. 138/22)

Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered October 3, 2022, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]). The County Court sentenced him to a determinate term of imprisonment of 18 years, to be followed by a period of postrelease supervision of 20 years.
The defendant's sole contention on appeal is that the sentence imposed was excessive. However, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256; People v Arenas, 239 AD3d 878, 878-879). Appellate review of the defendant's contention that the sentence was excessive is precluded by the valid waiver of his right to appeal (see People v Arenas, 239 AD3d at 879; People v Eastman, 234 AD3d 985, 986; People v Todarello, 185 AD3d 970, 970-971).
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court